UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDDIE SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No: 4:15CV767 HEA |
| | ) |
| TOM VILLMER, | ) |
| | ) |
| Respondent. | ) |

# OPINION, MEMORANDUM AND ORDER

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. No.1] on May 14, 2015. On July 16, 2015, Respondent filed his Response to the Court's Order to Show Cause Why Relief Should Not be Granted [Doc. No. 10], based upon the Petition filed on May 14, 2015. Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has determined that there are no issues asserted that give rise to an evidentiary hearing and therefore one is not warranted. For the reasons explained below, the Response to the Order to Show Cause Why Relief Should not be Granted is well taken and the petition will be denied.

**Procedural Background**

Petitioner was charged with one count of enticement of a minor and one count of attempted statutory rape in the first degree. The matter was tried and a jury found Petitioner guilty of both counts.

Thereafter, Petitioner took appeal to the Missouri Court of Appeals. There he asserted four points of error by the trial court: 1) failure to exclude evidence of text messages sent to individuals (including messages sent to an officer pretending to be D.P.) other than D.P. because only the texts sent to D.P. were relevant; 2) submitting verdict directors that allowed the jury to find him guilty based on messages sent to an officer pretending to be D.P.; 3) overruling his objections to the admission of the text messages and D.P.'s cell phone because an inadequate foundation had been laid and the messages had been tampered with by deleting certain messages; and 4) denying Smith's motions for continuance. There was no assertion of a due process violation, or that the deletion of certain text messages represented the destruction of exculpatory evidence related to the claim of inadmissibility of the text messages. The Missouri Court of Appeals affirmed the conviction for enticement of a child. It, however, reversed the conviction for attempted statutory rape in the first degree, concluding that the evidence only supported the lesser-included offense of statutory rape in the second degree. The case was remanded for resentencing on the lesser-included offense of statutory rape in the second degree.

The relevant amended State post-conviction motion filed by Petitioner pursues three claims: 1) trial counsel was ineffective for failing to allege that Petitioner's conviction for both offenses violated the Double Jeopardy Clause; 2) appellate counsel was ineffective for not challenging the denial of the motion to suppress evidence and motion to suppress statements on direct appeal; and 3) trial counsel was ineffective for advising Smith to waive his right to jury sentencing after the remand of the attempted statutory rape count for resentencing. Curiously enough, Petitioner did not assert any claim that trial or appellate counsel was ineffective for not presenting evidence in support of an entrapment defense. On appeal of the unfavorable post-conviction motion ruling it was only alleged that trial counsel was ineffective for not raising the double jeopardy issue and that appellate counsel was ineffective for not challenging the denial of the motion to suppress.

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted

with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal

law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

**Statute of Limitations**

Congress provides a one-year window in which a habeas applicant can file a petition for writ of habeas corpus. That window opens at the conclusion of direct review. The window closes a year later. Failure to file within that one year

window requires the court to dismiss the petition for writ of habeas corpus. 28 U.S.C. §2244(d) (1) (A); *See Cross-Bey v. Gammon*, 322 F.3d 1012 (8th Cir.), *cert. denied*, 540 U.S. 971 (2003). If an inmate does not seek a writ of certiorari on direct review, direct review concludes when the time limit for seeking further review expires. *Gonzales v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Under Missouri Supreme Court Rule 30.01, Rule 30.03, Rule 81.04, and Rule 81.08, the time limit for filing a notice of appeal is ten days after sentencing.

## Procedural Default

Before presenting a claim in a federal habeas petition, a petitioner must first properly exhaust state remedies. 28 U.S.C. § 2254(b). To exhaust state remedies, an offender must fairly present the "substance" of the claim to the state courts. *Anderson v. Harless,* 459 U.S. 4, 6 (1982). The offender's federal court claim must assert the same factual and legal basis as the state court claim. *Flieger v. Delo,* 16 F.3d 878, 885 (8th Cir. 1996); *see also King v. Kemna,* 266 F.3d 816, 821 (8th Cir. banc 2001). To exhaust a claim, the offender must raise the claim on direct appeal or in state post-conviction proceedings, including on post-conviction appeal. *Flieger,* 16 F.3d at 885; *see also Abdi v. Hatch,* 450 F.3d 334, 338 (8th Cir. 2006); *Osborne v. Purkett,* 411 F.3d 911, 919 (8th Cir. 2005); *Lowe-Bey v. Groose,* 28 F.3d 816, 818 (8th Cir. 1994).

When a petitioner has not properly exhausted state remedies on a claim and the time for doing so has expired, he has procedurally defaulted that claim. *Welch v. Lund,* 616 F.3d 756, 758 (8th Cir. 2010). In this situation, the federal court should not review the claim unless the petitioner can show "cause and prejudice" excusing that procedural default. *Id.* at 760.

Under Missouri law, claims of trial court error must be raised on direct appeal, and may not be raised in a post-conviction motion (other than as claims of ineffective assistance of counsel. *Zink v. State,* 278 S.W.3d 170, 191 (Mo. banc 2009); *Seibert v. State,* 184 S.W.3d 624, 629 (Mo. App. S.D. 2006). A full review of the record before this court demonstrates the only claim of error that Petitioner presented on appeal is his claim that the trial court erred in admitting copies of the text messages because the State failed to provide adequate assurances that the copies were accurate.

If an inmate attempts to assert a defaulted claim of trial court error, he may not allege "cause" excusing that default based on ineffective assistance of counsel if he did not assert a claim of ineffective assistance of counsel in state court unless he has cause to excuse the default of the ineffective assistance of counsel claim. *Edwards v. Carpenter,* 529 U.S. 446, 450-54 (1999); *see also Fields v. Roper,* 448 F.Supp.2d 1113, 1117 (E.D. Mo. 2006).

Here, Petitioner set out claims relating to the failure of the court to instruct on entrapment or that trial counsel was ineffective in not asserting the claim. This issue was not raised at trial. This issue was not raised as part of Petitioner's appeal. The record is without any reference to this issue of entrapment until the filing of this Habeas Corpus action. The fact that it is so nebulous and unintelligible as drafted in the filings before this Court may provide some insight as to its lack of mention before now. As Respondent poignantly points out, it could be a claim of counsel as ineffective for failing to introduce evidence to support a defense of entrapment or counsel failing to request that the trial court instruct on entrapment. In either case it is wholly speculative on the part of the Court as to the basis for any such claim. Additionally, it is not the function of this Court to construct or divine the nature of claims Petitioner may present. The point is denied.

There is also a claim that appellate counsel was ineffective for not briefing the point of error by the trial court in not submitting an entrapment defense instruction to the jury. The Court agrees with Respondent in assessment of this possible claim. The record belies the existence of any evidence in support of such an instruction submission. There is no evidence in the record of Petitioner taking on the burden of injecting the issue at trial. There certainly is no evidence supporting that the government induced him to commit an unlawful act and an unwillingness on his part to engage in such acts. *State v. Moore,* 904 S. W. 2d 365

(Mo. App. E. D. 1995). Petitioner did not testify and there was no alternative source of any evidence relating to a theory of entrapment. Considering this, Petitioner has plainly failed to show cause excusing his default of any claims of trial court error related to the submission of an instruction on entrapment.

The point is denied.

Petitioner argues that the instructions were improper as the evidence was insufficient to support his conviction on the charges. The Missouri Court of Appeals concluded otherwise and found that the instructions given in the case were proper as to the charge of enticement of a child and proper as to the attempted statutory rape except that the evidence only supported the charge of statutory rape in the second degree. As Respondent succinctly points out, it is clear through *Jackson v. Virginia,* 443 U.S. 307 (1978), evidence is sufficient if, taking the evidence in the light most favorable to the State, a reasonable finder of fact could determine that the defendant was guilty. 443 U.S. at 318-20, 325-26. *Jackson* did note, however, that the elements of the offense are a matter of state law. 443 U.S. at 324 n.16. Under *McDaniel v. Brown,* 558 U.S. 120 (2009), the *Jackson* standard requires that, when faced with conflicting evidence, the reviewing court must assume that the trier of fact resolved those issues in favor of the prosecution and defer to that resolution. 558 U.S. at 133. It is the responsibility of the jury, not a

reviewing appellate or habeas court, to determine what conclusions to draw from the evidence. *Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011).

There is also the claim by Petitioner, which was not raised on appeal, that his statements were involuntarily made. The trial court found that the statements were voluntary and admissible. The Missouri Court of Appeals found that vague statements about Petitioner's circumstances in relation to statements he might make were not promises of leniency that rendered Smith's confessions involuntary. The Appeals court further noted because Petitioner's challenges to the admission of his statements were meritless, appellate counsel was not ineffective for not challenging the voluntariness of his confession on appeal.

Nowhere does Petitioner state any basis for his statement regarding the illegality of the interrogation. On post-conviction appeal he claimed that his statements were not voluntary because they were induced by promises of leniency. Statements that prosecutors and judges will be lenient to those who tell the truth and cooperate is not a promise of leniency that transforms an otherwise voluntary statement into an involuntary statement. *See, e.g., State v. Nicklasson,* 967 S.W.2d 596, 606 (Mo. 1998). This is not an unreasonable application of established federal law. *See, e.g., Williams v. Norris,* 576 F.3d 850, 867-69 (8th Cir. 2009); *Simmons v. Bowersox,* 235 F.3d 1124, 1133 (8th Cir. 2001).

This claim is denied.

Petitioner asserts a claim that was presented on direct appeal that the trial court erred in admitting copies of text messages because the State failed to provide adequate assurances that the copies were accurate. On appeal the Missouri Court of Appeals concluded that the fact that some text messages had been deleted from the cell phone did not alter the admissibility of the cell phone itself or the undeleted text messages.

Pursuant to 28 U.S.C. §2254(d) the reviewing Court is deferential in its consideration of the state court decision unless that decision was contrary to or involved an unreasonable application of federal law as determined by the United States Supreme Court, or involved an unreasonable determination of facts. Rules of evidence are a matter of state law, not a matter of constitutional significance. There must be a due process violation. The evidence can only qualify as a due process violation if it is "so egregious that [it] fatally infected the proceedings and rendered his entire trial fundamentally unfair." *Anderson v. Goeke,* 44 F.3d 675, 679 (8th Cir. 1995). The record in this case is devoid of any evidence even remotely suggestive of a due process violation. This claim is denied. The ruling is the same, and for the same reasons, regarding the claim relating to the sufficiency of the foundation for the introduction of text messages into evidence.

**Conclusion**

The record provided the Court demonstrates that the claims asserted by Petitioner are either procedurally defaulted or are without merit as they are claims properly decided by the Missouri state courts and are not constitutionally infirm in their resolution.

Based upon the foregoing discussion and analysis the Petition for Writ of Habeas Corpus must be denied.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.; see also *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (interpreting *Slack* in the following manner: "1)

if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted"). Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could that find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786 Hence, no certificate of appealability will be issued.

Accordingly

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc.No. 1], is **dismissed and denied.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 20th day of July, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE